UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 03-CR-80092

v.

Hon. John Corbett O'Meara

LINDA LOFTIS,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S**
**MOTION FOR SENTENCING MODIFICATION**

    Before the court is Defendant, Linda Loftis's Motion for Sentencing Modification, filed September 13, 2005. The government submitted a response on January 10, 2005.

    On October 12, 2004, the court sentenced Defendant to serve 18 months in prison after her conviction for drug distribution. At the time of sentencing, the court departed downward from the sentencing guidelines for reasons including Defendant's health. Defendant seeks a modification of her sentence to allow her to serve the remainder of her prison time in home confinement. Defendant bases this request on her continuing health problems, which she contends are exacerbated by allegedly inadequate medical care and poor diet in prison. Defendant also states that her daughter has been diagnosed with lupus.

    The government opposes Defendant's request and contends that the court has no jurisdiction to grant Defendant's motion. Indeed, there is no procedural mechanism that allows the court to modify Defendant's sentence under the circumstances presented here. Rule 35(a) of

the Federal Rules of Criminal Procedure allows the court to correct a sentence that "resulted from arithmetical, technical, or other clear error." Id.  Rule 35(b) permits the court to reduce a sentence upon the government's motion, if the defendant provides "substantial assistance in investigating or prosecuting another person." Id.  Neither subsection of Rule 35 is applicable here.  Further, this rule does not permit the court to reconsider its interpretation of the Sentencing Guidelines or 18 U.S.C. § 3553(a).  See United States v. Durham, 178 F.3d 796 (6th Cir.), cert. denied, 528 U.S. 1033 (1999) ("Because the district court did not impose Durham's sentence in error, it correctly found that it had no jurisdiction to reconsider the sentence.").  Defendant does not argue that the court imposed her sentence as a result of an "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).  Accordingly, this court lacks jurisdiction to reconsider or reduce Defendant's sentence.

      Therefore, IT IS HEREBY ORDERED that Defendant's September 13, 2005 Motion for Sentencing Modification is DENIED.

                                           s/John Corbett O'Meara
                                           John Corbett O'Meara
                                           United States District Judge

Dated:  March 2, 2006